DECEMBER, 1824.

Smith *against* Crockett.

*SAMUEL G. SMITH* brought an action of replevin against *William Crockett,* in the Circuit Court of *Dallas* County, charging him with having wrongfully taken and detained from the plaintiff eight negro slaves. The defendant demurred; the Circuit Court sustained the demurrer; and on a writ of Error to this Court, *Smith* assigned this matter as Error.

<div style="float:right">The action of replevin for property wrongfully taken, will not lie in this State.</div>

*H. G. Perry,* for the plaintiff. *Thorington,* for the defendant in Error.

Judge *Ellis* delivered the opinion of the Court.

The only question for consideration here is, can this action be sustained, either on the principles of the common law, or by any Statute of this State? It seems that it would formerly lie in *England,* for property unlawfully taken from the rightful owner. The remedy seems to have been very ancient, and its abuses seem to have produced the Statute of Maltbridge, which gave the Sheriff's Court power to try and determine the right of property. But it seems to have fallen into disuse when Justice *Blackstone* wrote his celebrated commentaries. For he speaks of this remedy as applicable only to cases of distress for rent. In most of the States of this Union it appears to have become obsolete; and by our Statute of 1812, L. A. 702, distress for rent has been abolished. It was contended in the argument, that this remedy, being summary, would in many cases be preferable to the action of trover or detinue. But as it stood by the *old* common law, it seems to have been necessary for the plaintiff to sue out a pluries writ before the title could be tried. This same doctrine appears to have been recognized in *Pennsylvania.* If this be correct, the remedy would generally be delayed, rather than expedited, by resorting to this course. The Statutes of 1 and 2 Philip and Mary, 2 Hen. 7, and subsequent Statutes, appear to have regulated this proceeding in *England.* But there it appears to have fallen into disuse, except in cases of distress for rent. To induce the Courts of this country to revive this ancient action, subject as it appears to have been to great abuses, the reasons should be strong and the necessity great. I am unable to discover this necessity, while our Courts of Chancery are always open to grant restraining orders and writs of *ne exeat,* by which the removal of the property can be

DECEMBER, 1824.

Smith
v.
Crockett.

prevented ; and our Courts of common law, in actions of trover or detinue, are fully competent to restore it or its value to the party from whom it has been wrongfully withheld. It is the unanimous opinion of the Court, that the judgment be affirmed. Coke Litt. 145. 6 Com. Dig. 224. 7 John. 156. 2 Sellon Prac. 153, 4. 1 Dallas, 157.